GOOGINS v. E. W. HABLE & SONS. :
No. 2923.

Court of Civil Appeals of Texas. Waco.
Feb. 22, 1951.

·Rehearing Denied March 22, 1951.

David L. Tisinger, Austin, Roe, Ralston & McWilliams, Corsicana, W. J. Hodge, Austin, for appellant.

Tyson, Dawson & Dawson, Corsicana, for appellee.

TIREY, Justice.

This is a suit for breach of warranty and in the alternative for money had and received. It was tried without the aid of a jury. The court found against the appellant and rendered a "take nothing" judgment in favor of appellee.

Appellant purchased from defendant some heavy construction equipment during World War II, for which he paid the purchase price of $48,200 in cash. Appellant grounded his cause of action on the basis that the O.P.A. maximum price regulations were applicable to the sale and that the price paid was not legally chargeable unless at the time of the sale appellee guaranteed the equipment to perform substantially like new products for sixty days. Appellant contends that if the equipment were sold without the sixty day guarantee ("as is"), the maximum price was $15,060 less than the $48,200 actually paid by him. Appellant also contends that it was his understanding that appellee impliedly, at least, warranted the equipment and that immediately upon delivery of such equipment, when the equip-

ment proved defective, that he called upon appellee for repairs; that appellee made some repairs but under an absolute denial of any warranty and that appellee repudiated any guarantee immediately after the sale of the property.

The trial court filed findings of fact and conclusions of law. They are:

"Findings of Fact

"1. On or about January 8, 1944, defendant, E. W. Hable, sold to plaintiff, W. L. Googins, several items of used heavy construction equipment for an agreed price of $48,200.00. Such equipment purchased by plaintiff included three RD 8 Caterpiller Diesel Tractors, three Le Tourneau Carryalls, One HD 14 Arliss Chalmers Diesel tractor; one La Plante Choate Scraper, one Model L. Alis Chalmers Tractor and one Continental 7-yard scraper.

"2. At the time of the aforesaid sale and purchase the Federal Emergency Price Control Act was in force and effect and applicable to said sale.

"3. I find that at the time of the delivery and acceptance of the machinery contracted for the same was in a re-built condition within the meaning of the terms of said EPCA and would have, under reasonable use and care, performed services as contemplated in said Act.

"4. Plaintiff, W. L. Googins, was a dealer in used or second-hand construction machinery and was, at the time of the purchase and sale contract and at all times material to this controversy, an expert in his line and particularly on the value and condition of such machinery.

"5 Prior to purchasing said equipment E. W. Hable, a defendant, told plaintiff, W. L. Googins, that E. W. Hable & Sons was in the process of completely overhauling such machinery for their own purposes and use and not with the intent of sale; that they were replacing all worn or defective parts with new or serviceable parts.

"E. W. Hable invited plaintiff to inspect the equipment and the work being done upon same and to satisfy himself with regard thereto. Plaintiff did actually inspect, and had ample opportunity to inspect, all of the equipment with the exception of one RD 8 Tractor which it was not then convenient for him to inspect due to the fact that such tractor, was, at the time, several miles in the country and the roads were muddy.

"6. Defendant was guilty of no fraud or concealment in the transactions which lead up to and culminated in the purchase of the equipment.

"7. At the time of the purchase and sale aforesaid, plaintiff represented to the defendant that the equipment was all to be shipped to western states in the Rocky Mountain area and would not be resold to competitors of the defendants in the State of Texas. Defendant relied upon this representation and would not have made the sale in the absence thereof. This representation was breached by the plaintiff by the sale and delivery of said equipment to various contractors doing the same type of business as defendant in the State of Texas, and competitors of defendant.

"8. The defendant made no express warranty, written or oral, to plaintiff at the time the equipment was sold. ·

"9. Defendant met all reasonable demands made upon him for servicing the equipment in question, and when it appeared that the plaintiff was not satisfied with the equipment, the defendant offered to refund him the full purchase price and move the equipment back to Corsicana at his expense and release plaintiff from his contract.

"10. The reasonable cash market value of the equipment in Navarro County and throughout the State of Texas in the condition in which it was actually delivered and at the time of delivery was $48,200.00.

"11. The equipment was not bought by the plaintiff for his own use, but was bought by him for purpose of re-sale.

"12. This action was brought more than one year after the completion of the contract of purchase and sale aforesaid.

"13. If there was a violation of the Emergency Price Control Act, such was neither willful on the part of the defendant nor the result of his failure to take practical precautions. The defendant was en-

gaged in general contract and road construction work and was not familiar with all the rules and regulations of the O.P.A., whereas plaintiff was in the business of buying and selling such equipment and had thoroughly familiarized himself with and operated under such rules and regulations.

"Conclusions of Law

"1. The defendant fulfilled his contract with the plaintiff in every respect agreed, and in complete fulfillment of the requirements of the Emergency Price Control Act.

"2. Plaintiff breached his agreement which was a part of the consideration to the effect that the equipment would not be re-sold to a business competitor of the defendant in the State of Texas.

"3. Plaintiff has suffered no damage arising from the transaction in question, in that the cash market value of the machinery in question was equal to the price paid therefor.

"4. Plaintiff has no action under the Emergency Price Control Act, in that the goods bought were not purchased for the use or consumption in his business, but were bought for purpose of re-sale at a profit.

"5. Plaintiff's cause of action, if any he had under the Emergency Control Act, was barred by the terms of such act, in that it was brought more than one year after his cause of action arose.

There was no exception to the findings of fact and conclusions of law filed, nor was there a request for any amended findings and none was filed.

Appellant has assailed the judgment of the court on eleven points of error. Since the court found that the Federal Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., was applicable to this sale, we think it is pertinent to discuss first and together points 4 and 6.

Point 4: "The court erred in holding that there was any evidence to support its finding that the tractors qualified as warranted equipment under the O.P.A. regulations, and in failing to hold that the undisputed evidence showed the contrary."

Point 6: "The court erred in holding that there was any evidence to show that the equipment performed in a reasonable manner, and in failing to hold that the undisputed evidence showed the contrary."

Because points 4 and 6 challenge the controlling findings of the court it has been necessary for us to examine very carefully all of the evidence tendered and this we have done. In so doing we have been cognizant of the well established rules of our practice to the effect that (a) absent a jury the court becomes the trier of facts as well as the law, and his findings are equivalent to a jury verdict on special issues; and (b) that a reviewing court will not disturb the fact findings of the trial court, if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. See John Hancock Mutual Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416, points 1 and 2 and authorities there collated; see also Rule 296, Texas Rules of Civil Procedure, and authorities there collated.

The evidence tendered consists of approximately 500 pages, including many exhibits. Much of it is in conflict. Needless to say we cannot set it out and it would serve no useful purpose for us to do so. It was the duty of the trial court to pass upon these conflicts and this he has done. It is our view that the evidence tendered is sufficient to sustain the finding of the trial court in each of the thirteen findings made.

Since the trial court found that this controversy came within the provisions of Federal Emergency Price Control Act (finding 2), and further found that defendant was guilty of no fraud or concealment (finding 6), and specifically found that at the time of the delivery and acceptance of the machinery in question that it was in a re-built condition within the meaning and terms of the Federal Emergency Price Control Act and would have, under reasonable use and care, performed services as contemplated by said act (finding 3), and further found that "defendant met all reasonable demands made upon him for servicing the equipment in question, and when it ap-

peared that the plaintiff was not satisfied with the equipment, the defendant offered to refund him the full purchase price and move the equipment back to Corsicana at his expense and release plaintiff from his contract" (finding 9), and further found that the reasonable cash market value of the equipment in Navarro County and the State of Texas in the condition in which it was actually delivered and at the time of delivery was $48,200.00 (finding 10), the effect of such findings was to preclude the plaintiff from any right of recovery against defendant. Such being our view, points 1, 2, 3, 5, 7, 8, 9, 10 and 11 pass out of the case. In the event we are mistaken in this view, then they are expressly overruled.

Accordingly, the judgment of the trial court is affirmed.