Dan C. SMITH et al., Appellants,

v.

R. VANKIRK, Appellee.

No. 3547.

Court of Civil Appeals of Texas.

Waco.

June 5, 1958.

Rehearing Denied June 26, 1958.

Schulman & Shropshire, Houston, for appellants.

M. M. Williams, Houston, for appellee.

TIREY, Justice.

This suit (non-jury) is one for an accounting and is grounded on an oral contract between plaintiff R. VanKirk and Dan C. Smith and Texas Gulf Claims Service, Inc., a corporation, as defendants. The River Oaks State Bank was made a party defendant on the ground that it was a depository and held funds in trust, in which all the parties were interested. The bank seasonably filed its answer as an interpleader and, among other things, admitted that it had the sum of $3,396.42 on deposit, subject to withdrawal by the duly authorized officers of the Texas Gulf Claims Service, Inc. It also set up that it was a stakeholder and asked for attorneys' fees and a proper order directing it to make disposition of the funds aforesaid, and prayed for appropriate relief.

The court, after hearing some testimony, recessed the trial for an audit, and proceeded to appoint an auditor, and after the auditor filed his report, exceptions were filed thereto and thereafter, on June 20, 1957, the trial was resumed and was terminated on June 26, 1957. In the decree we find that the River Oaks State Bank was ordered to pay the sum of $2,150 into the hands of the clerk of the court. It was also authorized to retain the sum of $150 as attorneys' fees, which the parties agreed to, and the decree recites that that part of the judgment is final. The court fixed the auditor's fee at $450 as a part of the costs of suit. The court decreed that plaintiff VanKirk recover from defendants Smith and the Texas Gulf Claims Service, Inc., jointly, the sum of $1,807.93, with interest

from date of judgment at the rate of six per cent. The decree also taxed the plaintiff with one-half of the attorneys' fees of $150 awarded for the bank's benefit. It further taxed the plaintiff with one-half of the auditor's fee aforesaid, and with one-half of the costs of the suit. The decree further provided that should said funds be insufficient to pay the balance due plaintiff, then such balance so unpaid should be collected as a general judgment under the provisions of law. The court further decreed that defendants, Dan C. Smith and the Texas Gulf Claims Service, Inc., take nothing on their cross-action. Defendants seasonably objected and excepted to the decree and gave notice of appeal to the First Supreme Judicial District, and they promptly perfected their appeal, and the cause is here on transfer order of our Supreme Court.

Defendant requested findings of fact and conclusions of law, and we quote them substantially:

"On the 29th of June, 1957, a final judgment was entered in this cause, and on July 29, 1957 the request for findings of fact and conclusions of law was filed with the clerk late in the evening, and was called to the attention of the court on the morning of July 30, 1957. These findings and conclusions could not be filed and prepared within the time provided by law as a result of the delayed request on the part of the defendant.

"Findings

"During the month of February 1956, plaintiff VanKirk and defendant Smith and another adjuster attempted to form an association to share in office expenses in the practice of insurance loss adjusting. Each was in substance independent of the others.

"On July 1, 1956, the other adjuster having gone elsewhere, VanKirk and Smith attempted to make a new agreement for an office expense sharing arrangement, and each remained an inde-

pendent adjuster, with their own clients and business. As a matter of convenience, their funds were deposited in an account in the River Oaks State Bank in the name of Texas Gulf Claims Service, Inc. However, such funds actually remained the property of each such party. After allowance for expenses, VanKirk had the sum of $1807.93 as his separate funds so placed in said account, which should have been returned to him and which account the defendant Smith had appropriated.

"Conclusions of Law

"Plaintiff VanKirk should have judgment for the amount of $1807.93, together with interest, and the cross action of defendant should be denied. The costs of this action should be assessed one-half against VanKirk and the other half against Smith and the Texas Gulf Claims Service, Inc."

Thereafter, on August 3, 1957, the defendants filed written request for amended findings of fact and conclusions of law. The court filed supplemental findings of fact and conclusions of law on August 21, 1957, and in these findings we find the following recitals:

"On this the 21st day of August, A. D. 1957, came on to be considered the request for additional findings of fact as filed by Dan C. Smith and Texas Gulf Claims Service, Inc., defendants in the above cause. This request was filed while this court was in statutory vacation and, in fact, was never presented or called to this court's attention by the said parties, but the court's attention was directed to same by Roland VanKirk, plaintiff, on this date.

"The request for additional findings has been paragraphed by the defendants but such paragraphs were not numbered and the court has numbered the same for such parties.

"Supplemental Findings of Fact and Conclusions of Law correlated to such numbered paragraph.

"1. At the conclusions of testimony the court announced that judgment would be entered for plaintiff in such an amount, and at such time defendants, through their counsel, orally stated they wanted findings of fact and conclusions of law, and such request was rejected by the court as premature and not in keeping with the rules of procedure and after the judgment was entered, defendants did make written request for findings of fact and conclusions of law, but they never presented the same to the court for consideration.

"Refusal is made to find that such oral request complied with the rule.

"2. Refusal is made to find that such error was waived.

"3. This paragraph consists of a statement only of former findings by this court.

"4. The finding requested herein has been heretofore found in the original finding of fact.

"5. The Texas Gulf Claims Service Inc. was never lawfully incorporated and the court refuses to so find.

"6. The court refuses to find the facts as stated in paragraph 6.

"7. The facts as stated in paragraph 7 are so conglomerated that facts are stated therein which are not true and cannot be separated from the correct facts. VanKirk never worked for the Texas Gulf Claims Service, Inc., and his files remained his property.

"8. Findings requested here are refused.

"9. These facts are refused and are incorrect.

"10. The facts in this paragraph are so connected and confused as to require rejection of this portion of the request.

"11. These findings in this paragraph are refused.

"12. The terms and conditions of the new agreement attempted to be made at such time was never consummated finally. Although VanKirk was ready, willing and able and tried to do so, but was prevented from doing so by the other parties. Substantially, the parties attempted to form an association on a 50-50 basis insofar as expenses were concerned, with each party keeping his own business and clients with a complete deletion of the interest of the other adjuster, Shelton, who had departed. Smith was to submit a figure to VanKirk for a further purchase by VanKirk of a one-half interest in the physical assets of the office; but Smith never submitted such a figure to VanKirk.

"13. Again, the requested fact findings are confused and conglomerated with a series of disconnected clauses and involved sentences so that such request is rejected."

Appellants assail the judgment entered on what they designate as fifteen points. They are substantially to the effect that the court erred (1) in failing to file his findings of fact and conclusions of law in conformity to the provisions of Rules 296, 297 and 298, Texas Rules of Civil Procedure; (2, 3 and 4) in failing to treat the auditor's report as conclusive; (5, 6, 8, 9, 10, 12, 13 and 14) the evidence failed to support the judgment entered; and (7, 11 and 15) in refusing to make findings of fact and conclusions of law requested by appellants.

■ Before discussing appellants' points of error we think we should say that this court, in Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705, n. r. e., writ of certiorari denied by U.S.Sup.Ct., 342 U.S. 944, 72 S.Ct. 556, 96 L.Ed. 702, held

substantially that, absent a jury, the court becomes the trier of facts, as of law, and his findings are equivalent to a jury verdict on special issues; and that a reviewing court will not disturb the fact findings of the trial court, if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate inference or conclusion that is favorable to him. Citing John Hancock Mutual Life Ins. Co. v. Stanley, Tex.Civ. App., 215 S.W.2d 416, points 1 and 2, and authorities there collated.

In Wilson v. Teague Ind. School Dist., Tex.Civ.App., 251 S.W.2d 263, 268, writ ref., this court made this statement of the rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." Citing Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286. See also cases collated under 4 Tex.Dig., Appeal and Error, ▮▮▮ See also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Returning to a discussion of Point 1, we find that this point is without any merit whatsoever. First of all, the original findings of fact and conclusions of law were certainly filed in time. Needless to say that the recitals by the trial court in its supplemental findings preclude any merit in appellants' contentions. In Spradlin v. Rosebud Feed & Grain Co., Tex.Civ. App., 294 S.W.2d 301, 302, (n. r. e.), this court made this statement of the rule, quoting from 3A Tex.Jur., Sec. 507, p. 654: "The failure or refusal of the court to file findings of law and fact in response to a proper request therefor, or to file them within the time prescribed, will not be reviewed when it is not made the subject of a bill of exceptions, at least in the absence of a showing in the record that appellant or his counsel was misled by the court, and thereby prevented from presenting a bill in reference to the matter until after the expiration of the time therefor. The reasons given for the rule are that the attention of the judge may not have been called to the motion for conclusions of fact and law, and that without a bill the appellate court cannot know that the party making the application for findings has not waived or withdrawn it, as he may do." Citing a long list of cases.

▮ We find no bill of exception here, but, as we stated above, the recitals in the supplemental findings of the trial court disclose that appellants' contention is without any merit whatsoever. See also Rules 296, 297, 298, T.R.C.P., and the cases there collated.

▮ The statement of facts in this case consists of some 384 pages. Owing to the fact that the action is one for accounting, it involves much detailed testimony in connection with many transactions. Needless to say that since fact issues were tendered to the trial court to be resolved by that court under all the surrounding facts and circumstances, and notwithstanding the fact that the trial court had the aid of the auditor's report, yet the final responsibility rested upon the trial court to determine the fact issues here presented. Certainly the trial court was in a much better position than this court, after a consideration of the auditor's report and after hearing all of the testimony, to determine the fact issues here. It is our view that the evidence is sufficient to sustain the findings of the trial court and we see no reason to disturb the court's judgment here entered. Accordingly, it is our view that none of appellants' points present reversible error, and each is overruled.

Appellee's motion to dismiss appeal is without merit and it is overruled.

Appellee's cross-points are each over-ruled.

The judgment of the trial court is in all things affirmed and the costs of this appeal are taxed against appellants. See Rule 435, T.R.C.P.

HALE, J., took no part in the consideration and disposition of this case.