Jack THURMAN, d/b/a Thurman Construction Company, Appellant,

v.

SAMUELS GLASS COMPANY et al., Appellees.

No. 13358.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 17, 1958.

John R. Shaw, San Antonio, for appellant.

Park Street, Walter Powell Gray, Hugh J. Fitz-Gerald, San Antonio, for appellees.

BARROW, Justice.

Samuels Glass Company, a corporation, appellee and plaintiff below, instituted suit against appellant, defendant in the court below, on a sworn account. A petition in intervention, also based on a sworn account, was filed against appellant by appellee C. F. Sims, doing business as Sims Lumber Company. Upon trial of the case before the court, a judgment was rendered in favor of appellees, Samuels Glass Company and C. F. Sims, doing business as Sims Lumber Company. This appeal was taken from such judgment as to both appellees, however, on motion of appellant the appeal as to C. F. Sims, doing business as Sims Lumber Company, has been dismissed.

The suit on sworn account, filed by appellee Samuels Glass Company, was to recover from appellant the sum of $1,454,

for labor performed and materials furnished to appellant in the construction of a commercial building on appellant's property located at 6207 San Pedro Avenue, San Antonio, Texas. In its suit Samuels Glass Company asked for foreclosure of a statutory lien against appellant's property, arising from the labor performed and the building materials furnished, and for attorney's fees, interest and costs.

In reply to appellee's suit, appellant filed a sworn denial and the trial proceeded before the court. During the trial, appellant filed a trial amendment alleging that the materials and glass installed by appellee in appellant's building were not properly installed, that such installation was not made in a good workmanlike manner, and that to correct such situation it would reasonably cost appellant the sum of $1,462.

The trial court rendered judgment in favor of appellee and against appellant for the full amount sued for, less an offset of $150, which the court allowed as the cost of remedying the defects in the building, together with interest thereon, for $200 attorney's fees, and for the establishment and foreclosure of appellee's statutory lien on appellant's property, securing the payment of the judgment.

The trial court filed findings of fact and conclusions of law, and, among other things, found: "That after the installation of such goods, wares and merchandise (which the record shows were glass doors and windows) and the performance of such labor to the said Jack Thurman, there was found to be some leakage of water around some windows and the door of the said building in which the material was installed." The court further found that the doors and windows were installed in a good and workmanlike manner, and that "the maximum cost to stop such leakage is the amount of $150.00."

Appellant predicates this appeal upon one point, in which he contends that the evidence is insufficient to support the trial court's conclusion in allowing only $150 on his counter-claim, offset or cross-action against appellee.

Appellant's point is without merit and must be overruled. He does not contend that the trial court's findings were not supported by evidence. He sets forth in his brief only the evidence which supports his contention and entirely overlooks the evidence favorable to appellee.

Several witnesses testified that the glass door and windows were installed in the usual and customary way and in a workmanlike manner. Mr. Rufus A. Walker, who appellant admits was an expert witness and conducted an unbiased investigation, testified that the windows, which were installed with an aluminum strip around the glass, leaked water at the joints. He further testified that these leaks could be stopped by calking the joints or cracks with a material known as thiocol, and that in his opinion it would cost from $100 to $150 to seal the windows with this calking compound. As for the glass door, there was testimony that it was installed to swing both inward and outward, and there is necessarily a crack at the top and bottom and along the edge of the door, and that the only way to keep a blowing rain from coming through is for the building to have a canopy or overhang above the door. It is undisputed that the building was not designed nor constructed by appellee and it is obvious that appellee could not be held responsible for the failure to have such canopy or overhang erected above the door.

■ The case at most presents issues of fact to be determined by the trial court, and its findings are amply supported by the evidence. The findings of the trial court will not be disturbed on appeal if there is evidence of probative force to support the same, viewing the evidence in the light most favorable to the findings, and indulging every legitimate inference that is favorable to the findings. Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160; Googins v. E. W. Hable & Sons, Tex.Civ. App., 237 S.W.2d 705; Walton v. Wool-

**182**

worth, Tex.Civ.App., 222 S.W.2d 347; John Hancock Mut. Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416.

The judgment is affirmed.