**Sharon Ann SAILES, Appellant,**

**v.**

**Frank Joseph SAILES, Appellee.**

**No. 6752.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 16, 1965.

Jim S. Phelps, Houston, for appellant.

Sexton & Owens, Orange, for appellee.

STEPHENSON, Justice.

This is an action for divorce. The only issue involved on appeal is the attorney's fee. Frank Sailes brought suit for divorce. Sharon Ann Sailes defended and asked for $500.00 attorney's fee. Trial

was by jury, and judgment was for defendant based upon the answers of the jury, denying the divorce.

The jury found that defendant was not without separate funds and estate with which to pay her attorney, that the suit was defended in good faith and that $300.00 was a reasonable attorney's fee. The judgment of the trial court contained the following:

"It further appearing to the Court that, under the verdict of the jury, Defendant, Sharon Ann Sailes, was not without sufficient separate funds and estate with which to employ counsel to represent her; and the verdict of the jury further failing to find any necessity for an assessment of attorneys fees of plaintiff in order to enable defendant to defend this action; and the jury further failing to find that plaintiff should pay defendant's attorney's fees; and the Court having considered the pleadings and evidence in this cause and being of the opinion that the awarding of attorney's fees to counsel for defendant is not, and was not, necessary to enable defendant to employ counsel to represent her rights; it is, therefore:

"ORDERED, ADJUDGED and DECREED that Defendant is denied judgment against Plaintiff for attorney's fees."

The record before us contains no statement of facts. The parties will be referred to here as they were in the trial court.

Defendant contends her attorney's fee was a "necessity" as a matter of law, and that she was entitled to recover the amount found by the jury, inasmuch as the jury found she defended in good faith. This point is overruled. In order to recover attorney's fees in a divorce action, in addition to proving that the action is defended in good faith and that the amount of the fee is reasonable, the defendant was

required to prove the requested attorney's fee was necessary for her to prosecute her defense. Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681.

The allowance of an attorney's fee in a divorce action involves the sound discretion of the trial court which is not to be reviewed on appeal in the absence of allegations as to abuse of discretion. The allowance of such fee involves a consideration by the trial court of such matters as the relative income of the parties and their ability to pay such fee. Allen v. Allen, Tex.Civ.App., 363 S.W.2d 312. In the absence of a statement of facts every presumption must be indulged in favor of the judgment. It is therefore presumed there was evidence to support the finding of the trial court that such attorney's fee was not necessary under the facts of this case.

Judgment affirmed.