Anthony ZARUBA, Appellant,

v.

Mildred Novak ZARUBA, Appellee.

No. 750.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1973.

Rehearing Denied Sept. 24, 1973.

 

Houchins & Tasker, Kenyon Houchins, Houston, for appellant.

Lang, Cross, Ladon, Boldrick & Green, James D. Stewart, and Kirk Patterson, San Antonio, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a decree of divorce and a judgment dividing the properties of the husband and wife. The trial was to the court without a jury. The husband's appeal complains primarily of the division of the properties and the award of attorneys' fees.

The record shows that the husband and wife were married and separated on the same day and did not live together thereafter. The wife was in her mid-twenties and the husband was about 50 years old at the time of the marriage. Although the court granted the husband the divorce on the grounds of living apart for more than three years, the court found that the wife was not at fault and was not responsible for the separation of the parties.

The husband owned two Chevrolet dealerships and other separate properties at the time of the marriage. The community estate of the parties increased considerably during the nearly 20 years of marriage. In dividing the properties of the parties, the trial court found that it had considered all of the facts and circumstances of the case, including the separate and community character of each asset, and concluded that the division of the property in the judgment was just, right, fair and equitable, having due regard for the rights of each party.

The trial court filed extensive findings of fact and conclusions of law. The findings are all inclusive. They are drawn in chronological order and in very readable form. Generally, we do not include such findings in the opinion, but because they relate to all of the ultimate and controlling issues in the case, we have included them as an appendix to this opinion.

The appellant does not attack a single specific finding of fact by the trial court. His point of error number two complains, however, that the trial court erred in failing to make additional findings of fact and conclusions of law as timely requested by the appellant. This will be our first consideration.

■ The judgment was entered on May 9, 1972. On May 16, 1972, the husband filed his Request for Findings of Fact and Conclusions of Law. The findings of the court were filed with the clerk on June 8, 1972. On the 13th of June the husband filed his Request for Further Findings of Fact and Conclusions of Law with the clerk of the court. No additional findings were filed by the trial judge. The record is silent, and appellant does not show where such additional requests for findings were ever presented to the trial judge. The appellant did not file and the record does not show that any bill of exception was ever filed by the appellant claiming that he had made a proper presentation of his request to the judge. Rule 298, Texas Rules of Civil Procedure, states that a request for additional findings must be made to the judge who tried the case. It is not sufficient to make such presentation to the clerk of the court. 4 McDonald, Texas Civil Practice § 16.06–B (1971). In order to complain of the trial judge's failure to prepare findings of fact, the party must within five days after the period allowed, call to the attention of the trial judge in writing the omission. The mere filing of a

written notice with the clerk does not entitle the appellant to complain of the failure of the trial judge to file additional findings within the period permitted by the rule. Smith v. Vankirk, 314 S.W.2d 377 (Tex.Civ.App.—Waco 1958, n. r. e.); Birdwell v. Pacific Finance Corp., 259 S.W.2d 957 (Tex.Civ.App.—Dallas 1953).

■ There are additional reasons for overruling appellant's second point of error. Where a trial judge refuses to file findings of fact in response to a proper request, or refuses to file them within the time prescribed therefor, such refusal will not be reviewed on appeal unless it is made the subject of a bill of exception. This is so, unless, of course, the appellant or his attorney was misled by the court and thereby prevented from presenting his bill in reference to the matter until after the expiration of the time. Without a proper bill, the appellate court could not conclude that the party making the application has not waived or withdrawn it.

■ The additional findings of fact and conclusions requested by the husband appellant were all directed to specifically asking the trial judge to determine the exact status of the various pieces of property, the value of certain assets at specific times before and during the marriage, and various other issues relating to the status of the marital estate. In view of the trial court's findings of fact previously filed (see appendix) which relate to all of the ultimate and controlling issues of the case, such requested additional findings are not necessary. Stolte v. Mack Financial Corporation, 457 S.W.2d 172 (Tex.Civ.App.—Texarkana 1970). It was held in Star Corporation v. Wolfe, 463 S.W.2d 292 (Tex.Civ.App.—Houston 1971, n. r. e.) that even the complete failure to make requested findings of fact and conclusions of law will not be cause for a reversal, if the record affirmatively shows that the complaining party has suffered no injury. In view of our holding throughout that the

appellant has not suffered any injury due to the lack of the trial court's making the additional findings, appellant's second point is overruled.

■ Appellant's first point of error complains of the trial court's judgment stating that the judgment is fundamentally erroneous because it does not conform to the pleadings. The husband argues that the wife does not make any claim in her pleadings upon the separate property of the husband nor does she ask the court to award her any portion of any property found to be the separate property of the husband. Therefore, the husband says there is no support in her pleadings for a judgment awarding her any part of the husband's separate property nor for a judgment which, in effect, lumps the husband's separate property with the community estate for the purpose of making a division between the husband and wife. The Texas Family Code, Art. 3.63, V.T.C.A., states:

> "In a decree of divorce or annulment the court *shall* order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." (Emphasis supplied).

The wife's pleading in this regard were adequate. In her Original Answer and Cross-Action, she requested the court to "make an equitable distribution of the community property acquired by the parties," and finally, she asks "for such other and further relief, general and special, at law and in equity, to which she may be justly entitled."

■ The general rule is that in divorce cases a trial court in pronouncing the decree of divorce is vested with wide discretion in disposing of any and all of the properties of the parties, separate or community. Grant v. Grant, 351 S.W.2d 897 (Tex.Civ.App.—Waco 1961, writ dism'd); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W.

21 (Tex.Sup.1923). In Hedtke the Supreme Court held "that its (the trial court's) action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." There was no exception filed to the wife's pleadings. The case was fully developed. The trial court gave the wife only personal property. The record shows that the property given to the wife was all or nearly all community property anyway. We hold that the wife's pleadings were sufficient to entitle her to not only a division of the community property but also, had it been necessary, to an award of her husband's separate property. Fain v. Fain 6 S.W.2d 403 (Tex.Civ.App.—Galveston 1928, writ dism'd); Grant v. Grant, supra. See also Lindsey v. Lindsey, 228 S.W.2d 878 (Tex.Civ.App.—Amarillo 1950). See in the appendix findings of fact numbers 3, 4, 5, 6 and 7.

■ The appellant's third and fourth points of error are to the effect that the court's division of the community and separate property was unjust, unfair, and amounted to an abuse of discretion, and that the judgment entered concerning such property is erroneous because it is against the weight and preponderance of the evidence, or the evidence is insufficient as a matter of law to support the judgment. Under these points of error the appellant complains that the trial court has awarded the wife a disproportionate share of the property of the parties. Various inventories filed show that the community and separate estate was worth up to almost $1,000.000.00. The wife's share awarded by the court at the time of the divorce amounted to approximately $268,790.98. All of the other property, both separate and community, was awarded to the husband, subject to the payment of the property herein awarded to the wife. The husband contends that the trial court erroneously treated as a part of the community estate some or all of his separate property,

with the result that the wife has received a disproportionate share of the community and/or separate property of the husband. The trial court found and concluded that:

"After considering the facts and circumstances of this case, including the community or separate character of each asset, the cause of the parties' separation, the disparity in earning powers and business opportunities, capacities and abilities, and the relative conditions of the parties, and the size of their separate and community estates, I conclude that the division of the estate, assets and debts of the parties as set forth in the Judgment is just, right, fair and equitable, having due regard for the rights of each party.

The facts and equities of this case support an unequal division of the community estate in favor of Mildred Novak Zaruba.

The facts and equities of this case are such that I would set aside separate personal property of Anthony Zaruba to Mildred Novak Zaruba, if such be necessary to uphold the division of property set forth in the Judgment entered herein." (See conclusions of law numbers 5, 6, 7 in the appendix. See also findings of fact numbers 20 and 21.).

The record before us consists of over 2,000 pages in the statement of facts, and there are sixteen file boxes of exhibits, account papers, books and records concerning the property of the parties. After reviewing the evidence we hold that the trial court's findings of fact covering the division of the property are supported by sufficient evidence. Dillingham v. Dillingham, 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd). The findings of the trial court are not against the overwhelming weight and preponderance of the evidence as to be clearly wrong, manifestly unjust, or shocking to the conscience of the court. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Calvert, "No Evidence" and "Insufficient Evidence"

Points of Error, 38 Tex.L.Rev. 359 (1960). Appellant's third and fourth points are overruled.

■ Appellant's fifth point of error states: "The court erred in rendering judgment ordering Appellant to pay Appellee the sum of $75,611.32 in cash, thereby imposing upon Appellant a personal obligation for the support and sustenance of Appellee after final judgment in the nature of permanent alimony contrary to the public policy of Texas." The Supreme Court has defined alimony in the case of Francis v. Francis, 412 S.W.2d 29 (Tex.Sup.1967):

> "When its true meaning is distilled from the statutes and the court decisions of this State, alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce."

The judgment shows that this sum of money is to be paid in one lump sum. There were no future payments involved after the divorce was granted. There are no periodic payments to be made. The amount is not payable from the future earnings of the husband after the divorce was granted. The amount was a part of the property awarded to the wife in the division of the property of the parties. There is no reference in the judgment or the findings of fact that this sum was a personal obligatiton for support and maintenance of the wife after the final decree of divorce. Appellant's fifth point is overruled.

Appellant's sixth through ninth points of error complain of the trial court's judg-ment awarding the wife $18,500.00 as attorney's fees.[1] The wife plead in addition to general relief that because of the conduct of her husband she was forced and compelled to engage the services of her attorneys to protect her interests and to represent her in this proceeding and because of this she agreed to pay reasonable attorneys' fees for such services. On the other hand, the husband contested her right to any of the property. He stated: "Plaintiff further alleges that in truth and in fact there is no community property of plaintiff and defendant."

The trial court found that it was necessary for the wife to employ the attorneys to represent her and protect her interests. The court further found that the attorneys' fees were reasonable and necessary, both for past services and for any services that may be rendered upon appeal.

■ The record shows and the testimony is uncontradicted that one of the wife's attorneys had spent a total of 611.8 hours on the case up to the time of trial, and that another attorney from another firm had spent 172 hours on the case at the time of trial. The attorneys spent seven days in court. The minimum fee schedule covering these hours and the times in court exceeded the award made by the trial judge.

The general rule is that when the husband brings suit against the wife and the wife is compelled to defend the case, she is in a position to claim an allowance for the expense of the suit and for attorneys' fees, which may be granted on a proper showing and by virtue of the general equity juris-

---

1. It is further ordered, adjudged and decreed by the Court that Mildred Novak Zaruba do have and recover of and from Anthony Zaruba, payable from the property awarded to him herein as his sole and separate estate, the sum of $18,500.00 for attorneys' fees, which is a reasonable sum for such attorneys' fees; provided, however, that if Anthony Zaruba does not appeal this cause, the said judgment for attorneys' fees should be credited with $4,500.-00, leaving recovery for attorneys' fees here-in the sum of $14,000.00; provided further, however, in the event Anthony Zaruba appeals this cause to the Court of Civil Appeals but said cause is not carried by appeal or Writ of Error to the Supreme Court of Texas, that this judgment for attorneys' fees be credited with $1,500.00, leaving recovery for attorneys' fees herein in the sum of $17,000.00. (Final judgment of trial court entered May 9, 1972).

diction of the court. This allowance of attorneys' fees involves the sound discretion of the trial judge which is not to be reviewed on appeal in the absence of an abuse of discretion. This allowance of attorneys' fees involves a consideration by the trial court of the requirements of trial, the relative income of the parties, and their ability to pay such fees. Hearn v. Hearn, 449 S.W.2d 141 (Tex.Civ.App.—Tyler 1969); Sailes v. Sailes, 394 S.W.2d 248 (Tex.Civ.App.—Beaumont 1965). See also International Security Life Insurance Company v. Spray, 468 S.W.2d 347 (Tex. Sup.1971); Yellow Freight System, Inc. v. Hydraulic Products Co., Inc., 482 S.W.2d 659 (Tex.Civ.App.—Amarillo 1972); Superior Stationers Corporation v. Berol Corporation, 483 S.W.2d 857 (Tex.Civ.App.—Houston 1st Dist.1972). The evidence conclusively shows that the wife had sufficient grounds to fear that her property rights were endangered. There was ample evidence that she acted in good faith and with good cause to defend the suit. The trial judge held that the wife was not at fault or responsible for the continued separation of the parties. The husband had separated himself from the wife and refused to live with her, even after the birth of their son.

We have carefully considered all of appellant's points of error, and the record and the evidence before the trial court. We do not find and the appellant has not demonstrated that any of the errors complained of amounted to such a denial of appellant's rights as was reasonably calculated to cause or probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P. The judgment of the trial court is affirmed.

## APPENDIX

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In response to the request of Plaintiff, Anthony Zaruba, in the above numbered and entitled cause, I make and file the following as my findings of fact and conclusions of law therein:

### FINDINGS OF FACT

I find as a fact the following:

1. Anthony Zaruba and Mildred Novak Zaruba were married to each other on November 18, 1950.

2. Anthony Zaruba and Mildred Novak Zaruba lived apart without cohabitation for more than three (3) years prior to the filing of this cause of action for divorce.

3. One child was born of the marriage, Paul Anthony Zaruba, who is now over the age of eighteen years, and no other child was born to or adopted by the parties during the marriage.

4. Shortly after the parties were married and prior to the birth of their son, Anthony Zaruba separated himself from Mildred Novak Zaruba.

5. After the birth of Paul Anthony Zaruba, Anthony Zaruba refused to live as husband and father with Mildred Novak Zaruba and Paul Anthony Zaruba, and he has remained separated from them.

6. Mildred Novak Zaruba was not at fault and was not responsible for the continued separation of the parties.

7. Mildred Novak Zaruba reared and maintained a home for Paul Anthony Zaruba, the child of the parties.

8. Although Anthony Zaruba had substantial income and net worth throughout this marriage, he contributed only a small amount per month to support his wife and son before the child reached eighteen years of age.

9. Anthony Zaruba is a competent, astute and experienced businessman well trained in the operation of automobile dealerships and in making investments in securities and real estate, and he is able to generate substantial income from the sources available to him.

10. Mildred Novak Zaruba has no experience or training in any profession or trade and is unable to generate substantial income.

11. The earning powers and business opportunities of Anthony Zaruba are greatly in excess of the earning powers and business opportunities of Mildred Novak Zaruba.

12. The great majority of the inventory acquired after marriage in the two Chevrolet dealerships was purchased with community credit.

13. Books and records were not kept on the two Chevrolet dealerships in such a manner that the original principal investment of Anthony Zaruba at the time of marriage could be identified and calculated separately from the profits and earnings of the dealerships after marriage or the assets purchased after marriage with community credit.

14. Mildred Novak Zaruba had no knowledge of and did not consent to any accounting method employed in connection with the two Chevrolet dealerships.

15. During the marriage and at the time of divorce, it could not be determined what assets or what amount of the inventory and assets of the two Chevrolet dealerships were acquired with the separate funds of Anthony Zaruba.

16. Prior to marriage, Anthony Zaruba purchased substantial holdings of securities and real estate which were on hand at the time of judgment and which were awarded to him.

17. In addition to the foregoing, Anthony Zaruba was able to trace and clearly identify, by full and satisfactory evidence, certain assets acquired after marriage with his separate funds.

18. At the time of the judgment herein, Anthony Zaruba had a substantial separate estate, and Mildred Novak Zaruba had no separate estate.

19. During the marriage of the parties, a substantial estate was accumulated from income, interest, dividends, rents, business profits, and the use of community credit and community effort, time and labor.

20. Substantial items of the separate and community property of the parties have been commingled so as to defy resegregation and identification.

21. Community and separate funds were so mixed and commingled in all bank accounts of the parties as to defy resegregation and identification.

22. Anthony Zaruba did not regularly withdraw the profits arising from the operation of the Chevrolet dealerships, but allowed them to remain in the businesses and they were indiscriminately mixed and commingled with the original separate capital in the businesses.

23. Except for those items referred to in Finding No. 16 and Finding No. 17, Anthony Zaruba has failed to discharge his burden to trace and clearly identify, by full and satisfactory evidence, his alleged separate property.

24. It was necessary for Mildred Novak Zaruba to employ Gus J. Straus, Jr. and James D. Stewart, Attorneys at Law, to represent her and protect her rights and property interests in this litigation.

25. That portion of the attorneys' fees awarded to Mildred Novak Zaruba in the Judgment entered herein is reasonable and necessary, both for past services and for any services that may be rendered upon an appeal of this case.

26. Temporary support to be paid by Anthony Zaruba to Mildred Novak Zaruba in the sum of $425.00 per month until Judgment becomes final is necessary and equitable.

## CONCLUSIONS OF LAW

I conclude as a matter of law as follows:

1. The bonds of matrimony heretofore existing between Anthony Zaruba and Mildred Novak Zaruba should be dissolved and Anthony Zaruba be awarded a divorce from Mildred Novak Zaruba.

2. Except for the assets referred to in Findings No. 16 and 17, Anthony Zaruba has failed to meet his burden of proof to trace and clearly identify that property which he claimed to be his separate property.

3. A substantial community estate was accumulated during the marriage of the parties.

4. Substantial items of separate and community property of the parties have been so commingled as to defy resegregation and identification.

5. After considering the facts and circumstances of this case, including the community or separate character of each asset, the cause of the parties' separation, the disparity in earning powers and business opportunities, capacities and abilities, and the relative conditions of the parties, and the size of their separate and community estates, I conclude that the division of the estate, assets and debts of the parties as set forth in the Judgment is just, right, fair and equitable, having due regard for the rights of each party.

6. The facts and equities of this case support an unequal division of the community estate in favor of Mildred Novak Zaruba.

7. The facts and equities of this case are such that I would set aside separate personal property of Anthony Zaruba to Mildred Novak Zaruba, if such be necessary to uphold the division of property set forth in the Judgment entered herein.

8. The amount awarded Mildred Novak Zaruba towards her attorney fees is necessary and reasonable and should be paid by Anthony Zaruba.

9. Anthony Zaruba should pay Mildred Novak Zaruba $425.00 per month in temporary support, which amount is necessary and equitable.

/s/ B. B. Schraub, Judge,
25th Judicial District Court,
Lavaca County, Texas