**Ernest J. HAMITER and wife, Mary Frances Ellis Hamiter, Appellants,**

v.

**M. W. WESTMORELAND, Appellee.**

**No. 8281.**

Court of Civil Appeals of Texas, Texarkana.

May 20, 1975.

Rehearing Denied June 17, 1975.

Gaines Baldwin, Abney & Baldwin, Marshall, for appellants.

Tony Hileman, Jefferson, for appellee.

CHADICK, Chief Justice.

This action was cast as a suit on sworn account and expanded by trial amendment to state an action in quantum meruit for extras incident to a building contract. The judgment of the trial court is affirmed.

M. W. Westmoreland, a building contractor, and Ernest J. Hamiter and wife, Mary Frances Ellis Hamiter entered into a written agreement on or about April 5, 1971, in which Westmoreland agreed to furnish all labor to build an addition to a lake house owned by the Hamiters. The labor to be furnished included all carpentry, painting, plumbing, a septic system, electric wiring, and chimney, as well as labor necessary to run the concrete foundation and lay ten thousand king size bricks. The Hamiters agreed to furnish all material for the projected addition. At the time the agreement was made the parties discussed the probability that there would be changes or extras added as the structure developed. The project was undertaken with the un-

derstanding that Westmoreland would perform extra work if the need arose.

The agreed value of Westmoreland's labor under the terms of the written contract was $4,690.00. This sum is not in question in this appeal. The simple issue in this appeal is whether or not Westmoreland offered evidence of probative force tending to show the reasonable value of the labor necessary to complete the extras.

The parties agree that the action plead confines Westmoreland's recovery of damages to the amount of the expressed contract plus the reasonable value of additional services rendered with the knowledge or consent of the Hamiters. See 62 Tex.Jur.2d Work, Labor, and Materials, Sec. 25; also 10 Tex.Jur.2d Building Contracts, Sec. 51. The Hamiters' position is as previously indicated, that Westmoreland failed to produce probative evidence of the reasonable value of the extras. Certain contradictions and inconsistencies in Westmoreland's evidence and a claimed absurd result if his testimony is accepted as credible, are argued as reason for this court holding his testimony has little or no probative value. Also, evidence from qualified witnesses acquainted with the reasonable value of the extras disagreed substantially with that of Westmoreland. To summarize in part, Westmoreland claimed the reasonable value of the extras to be $6,213.00 while the Hamiters' expert witnesses place value at $1,398.05 and $1,528.60, respectively. Early in direct examination Westmoreland testified that his charge for the extras was at the rate charged by and in keeping with what other contractors in Northeast Texas were paid for similar services and was reasonable.

The reasonable value of extras does not depend upon any one factor but must be ascertained from the evidence and circumstances of the case. Determination of the question of reasonable value is for the trier of the facts, in this instance the trial judge. 62 Tex.Jur.2d Work, Labor, and Materials, Sec. 22 and 24. The trial judge exercises a prerogative in which he exclusively determines the credibility of witnesses and the weight to be given their testimony and thereby resolves the conflicts and inconsistencies in the evidence. The judgment rendered implies that the trial judge concluded that the reasonable value of the extras was $3,310.00.

The issue of reasonable value of the extras was initially addressed to the trial judge, as trier of the facts, and this court is not authorized to disturb such finding when the evidence and legitimate inferences therefrom, viewed in the light most favorable to the finding, has probative value. Seabrook Shipyard v. Lehrer, 297 S.W.2d 381 (Tex.Civ.App.Fort Worth, 1956, no writ); Googins v. Hable & Sons, 237 S.W.2d 705 (Tex.Civ.App.Waco 1951, writ ref'd n.r.e.). There is evidence in the record, which if given credence, supports the trial court's judgment. Westmoreland was the only witness proffered in his behalf. Nothing in the record shows his testimony to be incompatible with established or unquestioned facts or otherwise to be of a nature that counter evidence greatly outweighs. There is no basis on which this court can rest a conclusion that the trial court's finding is against the great weight and preponderance of the evidence.

No reversible error is shown. Appellants' points of error are overruled. The judgment of the trial court is affirmed.