## TRINITY NAT. BANK OF TRINITY v. GATES. (No. 2893.)

(Court of Civil Appeals of Texas. Texarkana. March 26, 1924. Rehearing Denied April 10, 1924.)

1. Contracts ⬦95(1)—What constitutes "duress" stated.

To constitute "duress" entitling one to relief from obligations of contract, he must have executed it under some form of coercion resulting from force or threatened injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

2. Mortgages ⬦86(3)—Finding that plaintiff acted under duress in executing deed of trust held not sustained by evidence.

Testimony as to bank cashier's promise to release indictment pending against promisee's father, if promisee would sign deed of trust against his place, and that he did so to release father from prosecution, held insufficient to support finding that he acted under duress in executing such instrument.

3. Indictment and information ⬦10—Basis of lawful prosecution, though object enforcement of debt.

Indictment found by grand jury and returned into court is basis of lawful prosecution, though testimony on which founded was prompted by evil motive, such as that of coercing accused into paying debt.

4. Contracts ⬦128(1), 138(1)—Mortgages ⬦81—Mortgage in consideration of dismissal of pending prosecution illegal; relief from such mortgage refused because of equal guilt of plaintiff.

Agreement to execute note and deed of trust in consideration of dismissal of pending prosecution is illegal as contrary to public policy, and, both parties being in pari delicto, neither is entitled to relief.

Appeal from District Court, Trinity County; Carl T. Harper, Judge.

Suit by B. F. Gates against the Trinity National Bank of Trinity. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Nelms & Platt, of Groveton, J. A. Platt, of Houston, and Poston & Seale, of Lufkin, for appellant.

G. C. Clegg, of Trinity, for appellee.

HODGES, J. In an amended original petition filed March 1, 1924, the appellee sought to have a note and deed of trust can-

---

celed upon the following grounds: (1) That the land upon which the deed of trust was given was his homestead and the separate property of his wife; (2) that the execution of the note and deed of trust was procured by duress. The court submitted only the issue of duress, which was determined by the jury in the appellee's favor, and a judgment rendered accordingly.

The admitted facts are substantially as follows: In January, 1919, there was pending in the district court of Trinity county a criminal prosecution against W. W. Gates, the father of the appellee. He was charged by indictment with swindling, based upon an accusation of having given the appellant bank a mortgage upon property which he did not own. On the day the case was set for trial the appellee and his father executed a note for the sum of $2,945, payable upon a future date to the appellant. At the same time the appellee executed a deed of trust upon a tract of land to secure the payment of that note at maturity. The note appears to have covered the amount of indebtedness claimed by the bank from the appellee's father. On the same day the criminal charge against W. W. Gates was dismissed. Some time thereafter this suit was filed to cancel the note and the deed of trust, upon the grounds previously stated.

There is some conflict in the testimony as to the details attending the execution of those instruments. The appellee testified that on the day of the trial he was approached by appellant's cashier, who said:

"'I have got the judge to wait a few minutes,' and he says, 'Come and go with me.' And we met my father somewhere down the street here, and he called my father, and we went to the corner there, about Mangum's store, and he says to my father, 'I have got the judge to wait a little while and see if we can get this matter fixed up,' and he says to me, 'If you will sign a deed of trust against your place we will release the indictment pending against your father.'"

In answer to the question as to what prompted him to execute the deed of trust, he said: "To release my father from the prosecution against him, him not having any money and no way to get help." He further testified that subsequently the suit was dismissed.

[1, 2] Appellant insists that even according to this version of the transaction, the facts are not sufficient to support a finding that appellee acted under duress in executing the note and mortgage. We are of the opinion that the contention is correct. To constitute such duress as will entitle a party to be relieved from the obligations of a contract it must appear that he executed the contract under some form of coercion resulting from force or threatened injury. Here there was neither force nor threats, and no coercion. The father was already in the toils of the law. An indictment had been found charging him with the commission of a felony, the case had been called for trial, and nothing remained except to go to trial and have a jury determine whether or not the accused was guilty or innocent. It appears that both the appellee and his father wished to evade a trial, and they probably had a good reason for it. Appellant had no control over the prosecution of the case; that was in the hands of the court officials. Its agent might have been called to testify, even against their will. It is too plain for argument that the purpose of this note and mortgage was not to prevent the institution of a damaging prosecution, but to engage the bank officials to use their influence to stop an existing one. The appellee was purchasing immunity from the uncertain consequences of a lawful proceeding, which it was the duty of the officers of the law to conduct according to law. The testimony, when considered in its most favorable light for the appellee, fails to disclose one single element of duress.

[3, 4] Counsel for appellee refer to this prosecution as based upon what they term a "collection indictment." It is possible that the testimony upon which the indictment was founded may have been prompted by an evil motive. The bank officials may have intended it as a method of coercing W. W. Gates into the payment of the debt. But when an indictment has been found by the grand jury and returned into court it becomes the basis of a lawful prosecution, regardless of the taint of the testimony upon which the grand jurors acted. It is too apparent to be doubted that the real consideration for the execution of the note and mortgage involved in this suit was the dismissal of a pending prosecution. Appellee stated that he was given that assurance before he consented to sign the note and deed of trust. The law does not permit proceedings of this character to be made a subject-matter of contract between private parties. An agreement of that kind is illegal, because contrary to public policy. In this case both parties are in pari delicto and neither is entitled to any relief. Beer v. Landman, 88 Tex. 450, 31 S. W. 805.

The judgment will therefore be reversed, and judgment here rendered denying the relief sought, but without prejudice to the right of the appellee to urge the defense of homestead in any future litigation.