E. FRANK MERRELL ET UX V. DOROTHY HUME TIMMONS ET VIR.

No. 7770. Decided December 31, 1941.
Rehearing overruled February 4, 1942.
(158 S. W., 2d Series 278.)

*J. Dixie Smith, C. W. Croom,* and *T. H. Allin,* all of Houston, for plaintiffs in error.

When the undisputed evidence showed that Mrs. Timmons agreed both directly and indirectly with the maker and endorser of the note given to protect endorser from being prosecuted for a debt which he owed to Mrs. Timmons, or to inform on him in consideration of the note and deed of trust which was in violation of Article 428, Penal Code of Texas, it was error for the Court of Civil Appeals to hold that the note accepted by Mrs. Timmons in lieu of endorser's previous existing debt to her, which she released, did carry a valid consideration, and was therefore not void, as being in violation of said article. Randolph v. Armstrong, 57 S. W. (2d) 927; Wegner Bros. v. Biering, 65 Texas 509; Robertson v. Shinn, Gro. Co. 34 S. W. (2d) 367.

*E. R. Campbell,* of Houston, for defendants in error.

The execution and delivery of plaintiff's note to the defendant in lieu of an admitted liability to her, which liability she released, was a good and valuable consideration for the execution of the note which plaintiff now seeks to cancel. Van Wormer v. Gallier, 196 S. W. 306; Schofield v. Texas Bank & Trust Co., 175 S. W. 506; Cantu v. Briscoe Motor Parts, Inc., 79 S. W. (2d) 923.

MR. JUSTICE SHARP delivered the opinion of the Court.

E. Frank Merrell and wife filed this suit against Dorothy Hume Timmons and husband to have a note secured by a deed of trust declared void for lack of consideration, and because it violated Article 428 of the Penal Code. Defendants filed a cross action, and sought judgment for the amount of the note together with a foreclosure of the deed of trust lien on the property described therein. From a judgment for the defendants the plaintiffs appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 140 S. W. (2d) 480.

The parties will be designated plaintiffs and defendants, as they were in the trial court.

Plaintiffs seek to set aside the judgment of the trial court and that of the Court of Civil Appeals on the following grounds: (1) That the note and deed of trust were void for lack of consideration; (2) that the deed of trust was procured from Donnie Merrell, wife of E. Frank Merrell, through deception and fraud; (3) that said note and deed of trust were procured through coercion and fraud by Dorothy Hume Timmons threatening Roy O'Donnell with criminal prosecution,—which threats induced the Merrells to execute the note and the deed of trust; and (4) that said note and deed of trust are void because same contravene public policy and violate Article 428 of the Penal Code.

On the other hand, defendants contend that the note and deed of trust are valid for the following reasons: (1) That the note executed and delivered to Dorothy Hume Timmons by Merrell was in lieu of Roy O'Donnell's liability to her, and that she thereby released and discharged O'Donnell from a binding obligation by accepting said note; (2) that such release of O'Donnell's obligation to her constituted a valuable consideration for the execution and delivery of said note by Merrell to Mrs. Timmons; and (3) that said note was not void on the ground that it was against public policy or was in violation of Article 428 of the Penal Code, because there was no criminal prosecution, either pending or potential, against Merrell. And, furthermore, it appears that there was no close family relationship between O'Donnell and Merrell; and Mrs. Timmons made no agreement with O'Donnell or Merrell that she would procure the dismissal of the original prosecution pending against O'Donnell, in consideration of the execution and delivery of the note.

The controlling facts are as follows: Merrell and wife, and not O'Donnell, seek cancellation of the note and the deed of trust, on the ground that they were forced to execute them under duress and threats on the part of Mrs. Timmons to prosecute O'Donnell. It was undisputed that the indictment against O'Donnell had already been filed before the negotiations relating to said instruments occurred; either between Mrs. Timmons and O'Donnell, or between O'Donnell and the Merrells. It further appears that Mrs. Timmons did not agree to have the indictment dismissed in consideration of the delivery to or acceptance by her of the note and the deed of trust; nor did O'Donnell so testify. It also appears that there was no close family relationship between Merrell and O'Donnell, they being merely business friends. It is undisputed that O'Donnell did owe Mrs. Timmons the amount of the note, and that he admitted that he accepted her figures thereon. It also appears that Mrs. Timmons did not know the Merrells; and neither did she have any transactions or communication with them about these instruments, or anything else, until after the maturity of the note, when she began efforts to collect it from them. It appears from the evidence that whatever agreements, declarations, or representations were made by her concerning the note and the deed of trust were shown to have been made by her directly to O'Donnell in person.

The main question presented here for decision is whether or not, under the facts of this case, the procuring of the note and the deed of trust violated the provisions of Article 428 of the Penal Code. Said Article reads as follows:

"Whoever has knowledge that an offense against the penal laws of this State has been committed, and shall agree with the offender, directly or indirectly, not to prosecute or inform on him in consideration of money or other valuable thing paid, delivered or promised to him by such offender, or other person for him, shall be fined not less than one hundred nor more than one thousand dollars."

It is elementary that either a note or a deed of trust, made in violation of the provisions of Article 428 of the Penal Code, is void. Medearis et ux v. Granberry et al, 84 S. W. 1070; Seeligson v. Lewis & Williams, 65 Texas 215; Mallard v. Day (Civ. App.), 204 S. W. 245; Shriver v. McCann (Civ. App.), 155 S. W. 317.

■ To render a note or a deed of trust void under Article 428 of the Penal Code, the parties must expressly or impliedly agree that anticipated prosecution of the offender will be suppressed by one of the parties to the transaction; and a note and a deed of trust executed by one of the parties to the other, with the mere hope that their execution may avoid prosecution for crime, or mitigate punishment in the event of prosecution, are not thereby rendered illegal. Ward v. Ward (Civ. App.), 68 S. W. (2d) 1071, and authorities cited therein. See also Trinity Nat'l Bk. v. Gates, 261 S. W. 833.

The trial court decided the issues presented on the trial against plaintiffs, and rendered judgment in favor of the defendants on their cross action for the amount of the note and a foreclosure of their deed of trust lien. The Court of Civil Appeals held that defendants made no threats to prosecute O'Donnell if the obligations were not obtained, and that they did not promise or agree to have the then pending prosecution against O'Donnell dismissed if he did procure the note and the deed of trust. That court also held that it was not shown that Mrs. Timmons made any threats or promises to the Merrells, whom she had neither seen nor had any dealing with until the time when she sought to collect the note after its maturity.

■ This Court will not set aside a judgment of the trial court unless it can be said, as a matter of law, that there was no evidence of a probative nature to support such judgment. Both the trial court and the Court of Civil Appeals found that there was sufficient evidence to support the judgment of the trial court. We have examined the statement of facts, and find evidence to support such judgment. Therefore this Court is not justified in holding otherwise. Beer v. Landman, 88 Texas 450, 31 S. W. 805; 11 Tex. Jur., p. 871, sec. 113.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered December 31, 1941.

Rehearing overruled February 4, 1942.