**Joanne Lucille MOSOLOWSKI,
Appellant,**

v.

**Withold MOSOLOWSKI, Appellee.**

**No. 1077.**

Court of Civil Appeals of Texas,
Tyler.

Jan. 26, 1978.

Tommy T. Bastian, Wells, Wells & Bastian, Paris, for appellant.

Ebb B. Mobley, Longview, for appellee.

MOORE, Justice.

This is an appeal from a divorce decree. Appellant, Joanne Lucille Mosolowski, instituted this suit against her husband, appellee Withold Mosolowski, seeking a divorce. After a trial to the court without a jury, the trial court entered judgment granting appellant a divorce, dividing the community property and granting appellant the custody of the children, together with an order for child support. Being dissatisfied with the court's division of the property and the amount of child support, appellant perfected this appeal.

We affirm.

The record contains findings of fact and conclusions of law, but does not contain a statement of facts.

Appellant seeks a reversal under her first point of error on the ground that the trial court erred in failing to prepare and file additional findings of fact in response to her request therefor. We find no merit in this contention.

The record reveals that in response to appellant's request, the trial court filed original findings of fact and conclusions of law on May 5, 1977. It was not until May 16, 1977, some eleven days later, that appellant filed her motion for additional or amended findings under Rule 298, Tex.R. Civ.P. The request for additional findings was filed with the District Clerk. There is no showing that the request was ever presented to the trial judge.

Rule 298 provides that after the judge files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper. The rule specifically states that a request for additional findings must be made to the trial judge. It is not sufficient to make such presentation to the clerk of the court. *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Smith v. Vankirk*, 314 S.W.2d 377 (Tex.Civ.App.— Waco 1958, writ ref'd n. r. e.). Furthermore, the failure to file the request for additional or amended findings within five days after the filing of the original findings of fact and conclusions of law by the judge is a clear violation of the time requirements of Rule 298. *Continental Trailways, Inc. v. McCandless*, 450 S.W.2d 707 (Tex.Civ.App. —Austin 1969, no writ).

Moreover, by failing to perfect a bill of exception, appellant did not properly preserve the point for appellate review. Although the transcript contains the belated request for additional findings of fact and conclusions of law, in the absence of a bill of exception or any recital of the trial court either by judgment or order showing that this ex parte request was actually presented to the trial court or called to his attention, there is nothing to show that appellant properly complied with Rule 298. The applicable rule under these circumstances is stated in 4 Tex.Jur.2d, Part 1, App. and Err.—Civil Cases, sec. 491, p. 357, as follows:

"Failure or refusal of a court to file findings of fact in response to a proper request, or to file them within the prescribed time, will not be reviewed without a bill of exceptions, in the absence of a showing in the record that the appellant was misled by the court and thereby prevented from presenting a bill until after the expiration of the time allowed. A reason given for the rule is that the

attention of the judge may not have been called to the request, and without a bill the appellate court cannot know that the party making the request did not waive or withdraw it, as he could do."

See also *Zaruba v. Zaruba*, supra; *Steppe v. O'Day*, 315 S.W.2d 599 (Tex.Civ.App.— Waco 1958, writ ref'd n. r. e.). Without a bill of exception or some other recital showing compliance with the rule, this court is not in a position to conclude that the request was not waived or withdrawn. Accordingly, appellant's first point is overruled.

Under the remaining points, appellant contends that the trial court abused its discretion in dividing the property of the parties, and erred in refusing to award her sufficient child support. A determination of these points would obviously require an evaluation of the testimony adduced at the trial.

■■ In the absence of a statement of facts, the findings of fact made by the trial court are conclusive on the appellate court, and it must be presumed that the evidence was sufficient and that every fact necessary to support the findings and judgment was proved at the trial. *Vanity Fair Properties v. Billingsly*, 469 S.W.2d 453 (Tex.Civ.App. —San Antonio 1971, writ ref'd n. r. e.); *Gelfond v. Levit*, 398 S.W.2d 659 (Tex.Civ. App.—San Antonio 1966, no writ); *Mulcahy v. Cohen*, 377 S.W.2d 100 (Tex.Civ.App.— Houston 1964, writ ref'd n. r. e.). Without the benefit of a statement of facts, this court is in no position to pass on the question of whether the trial court abused its discretion in dividing the property or in setting the amount of child support. The remaining points are accordingly overruled.

The judgment of the trial court is affirmed.