Mauricio LEWKOWICZ, et
ux., Petitioners,

v.

EL PASO APPAREL CORPORATION, et
al., Respondents.

No. C–408.

Supreme Court of Texas.

Dec. 2, 1981.

Rehearing Denied Jan. 6, 1982.

Spivey & Grigg, Broadus A. Spivey, Austin, for petitioners.

Grambling, Mounce, Sims, Galatzan & Harris, Donald F. Hagans and S. Anthony Safi, El Paso, for respondents.

WALLACE, Justice.

This is an appeal from the overruling of a motion for new trial seeking to set aside an agreed judgment, the settlement agreement upon which it is based, and other instruments, including a deed to a homestead. The trial court overruled the motion for new trial and the Court of Civil Appeals affirmed. 614 S.W.2d 198. We reverse and remand.

Mauricio Lewkowicz, a citizen of the United States and a resident of El Paso County, Texas, managed Karen International, a Mexican corporation based in Juarez, Mexico. Karen International imports leather from its twin plant, El Paso Apparel Corporation, located in the United States. The leather is processed into jackets and vests in Mexico and must then be shipped back to the United States for sale. This "maquila" or twin plant program serves people of both nations. Lucy Lewkowicz, Mauricio's wife, also worked at the Juarez plant.

Karen International and its twin plant, El Paso Apparel Corporation, are wholly owned subsidiaries of Silton Brothers, Inc., (Silton) a California corporation. Fred Silton is the president and the majority owner and David Warden is the vice-president of Silton.

On March 14, 1979, Mauricio Lewkowicz was confronted by Fred Silton in the offices of the Karen plant in Juarez, Mexico, with charges of theft, embezzlement, fraud and conversion. He gave Mauricio the choice to either admit to the charges, make a confession and promise restitution, or have criminal charges filed against him and Lucy. Unknown to Lewkowicz the criminal charges had already been filed and Juarez Police were waiting on the premises to arrest Mauricio and Lucy if he failed to admit his guilt, make a confession and promise restitution. When Mauricio refused to admit his guilt, he and Lucy were arrested and placed in the Juarez, Mexico jail. Within an hour of the arrest, Silton filed this civil action in the District Court of El Paso, Texas, for fraud and conversion, praying for actual damages, punitive damages and recission of an employment agreement. It is undisputed that Fred Silton orchestrated the steps by which the civil suit in Texas and the criminal charges in Mexico were carried out as a coordinated effort.

Mauricio and Lucy Lewkowicz remained in the Juarez jail from March 14, until July 10, 1979. Throughout this period they maintained their innocence, refused to admit the charges filed against them, or to promise restitution as requested by Silton. During the four months of incarceration Lucy's mental and physical health deteriorated appreciably; she lost 30 to 40 pounds, became highly nervous, cried a great deal and talked of suicide. Dr. Morris, an El Paso psychiatrist, started treating Lucy four days after her release from the Mexico jail; he diagnosed her as having traumatic neurosis brought about by the arrest and incarceration. Mauricio Lewkowicz had a number of contacts with Fred Silton, David Warden, and Mr. Gonzales, their Mexican attorney, during the approximate four months of confinement. The position of the parties never changed. Silton kept insisting that if Mauricio and Lucy would admit their guilt, sign a confession and promise restitution, they would be pardoned and released from jail. Mauricio steadfastly maintained that he was not guilty and refused to comply with the demands of Silton. During the first of July, Mauricio told his El Paso attorney he would execute whatever documents Fred Silton wanted. His attorney advised him against signing, but Mauricio, gravely concerned for Lucy's welfare and health, was ready to bow to Silton's demands. On July 10, Mauricio and Lucy Lewkowicz executed the following documents which had been prepared by Silton's attorneys in El Paso and approved as to form only by the Lewkowiczs' El Paso attorneys. They are:

1. A compromise settlement agreement which included a covenant not to compete in the clothing business for five years.

2. A unilateral release of all claims of every nature against respondent and their attorneys;

3. An affidavit of voluntariness;

4. A consent judgment including an award of $270,000 to respondents; and

5. Three warranty deeds, including one transferring the Lewkowicz's homestead to Silton Brothers.

Lewkowiczs' attorneys refused to go to Juarez to witness the execution of the documents because they had been advised by Lewkowicz that he was doing it not because they were true, but because of Lucy's mental and physical problems, he had to free her at any price. After these instruments were executed in a room above the Juarez jail, but before the Lewkowiczs were released from jail, the instruments were taken to El Paso and an agreed judgment entered in this cause, based upon these instruments.

■ On July 20, 1979, the Lewkowiczs filed a motion for new trial which, after a full hearing, was denied by the trial court. No findings of fact or conclusions of law were requested or filed, and in the absence thereof, we must presume that the trial court found all facts in favor of its order overruling the motion and we are bound by such findings if there is any evidence of probative force to support the judgment. *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex. 1978). However, we find the instruments void as a matter of law.

The Court of Civil Appeals affirmed the order of the trial court citing as authority *Mitchell v. C. C. Sanitation Company*, 430 S.W.2d 933 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.), and the cases cited therein. The Court found that Silton had a legal right to file criminal charges in Mexico against Mauricio and Lucy Lewkowicz, and by Mexican law, demand restitution from them. Upon the making of restitution or agreement to make restitution, Silton had the power to pardon them and thus secure their release from jail. The Court of Civil Appeals affirmed the trial court upon the premise that Silton had a legal right to do what it did in Mexico, therefore there could be no duress.

Lewkowiczs' motion for new trial alleged that the instruments made the basis of the judgment against them were obtained through duress and coercion. In their appeal to the Court of Civil Appeals, their motion for rehearing in the Court of Civil Appeals and in their application for writ of error to this Court, they alleged illegality.

■ Silton contends that by not alleging illegality as an affirmative defense in the motion for new trial, it was waived. Tex.R. Civ.Pro. 94 requires that illegality as a defense must be affirmatively pleaded. However, if the illegal nature of the document to be relied upon or sought to be enforced is apparent from the plaintiff's pleadings, it is not necessary that illegality be specially pleaded by the defendant in order to rely upon it as a defense. *Banker v. Jefferson County Water Control and Improvement District No. 1*, 277 S.W.2d 130 (Tex.Civ.App. —Beaumont 1955, writ ref'd n. r. e.).

Silton's answer to Lewkowiczs' Amended Motion for New Trial stated:

Defendants were released from pre-trial incarceration on very serious criminal charges which were dismissed on Plaintiff's (Silton) request as a result of Defendants (Lewkowiczs) acknowledgement of guilt and confession in open court and representations that restitution had been made by virtue of settlement of this civil law suit in Texas.

Texas Penal Code Art. 38.06 provides:

A complaining witness commits an offense if, after criminal proceedings have been instituted, he solicits, accepts, or agrees to accept any benefit in consideration of obstaining from, discontinuing, or delaying the prosecution of another for an offense.

■ The answer to amended motion for new trial filed by Silton set out affirmatively all acts necessary to constitute the offense of compounding according to Texas Penal Code, Art. 38.06. The facts constituting the offense of compounding were pleaded by Silton and were before the trial court on the Motion for New Trial. We find this

sufficient to prevent waiver of the theory of illegality.

Had the acts committed by Silton in Mexico been committed in El Paso, Silton would have been guilty of the crime of compounding.

■ A contract made in consideration of compounding a criminal offense is void because it is in contravention of the Penal Code and public policy. *Merrell v. Timmons*, 138 Tex. 250, 158 S.W.2d 278 (1941); *Shriver v. McCann*, 155 S.W. 317 (Tex.Civ. App.—Amarillo 1913, writ dism'd w. o. j.).

This raises the question whether an act which would be a violation of the Penal Code of this State, if committed within the State, may be committed outside the State of Texas and the benefits derived therefrom, be used as a basis for a civil action in Texas.

■ In this case, Silton could have brought the civil action as well as the criminal action against Mauricio and Lucy Lewkowicz in Mexico. However, they decided not to do so because of the decreased probability of recovery since most of Lewkowiczs' property was in El Paso. Thus Silton chose the forum for its civil action with the obvious intent to commit acts in Mexico which would constitute the criminal offense of compounding if committed in El Paso and then to use the results of those acts as a basis for proving its civil action in El Paso.

We find this conduct committed in Mexico no less abhorrent than had it been committed in Texas. Such conduct violates the public policy of Texas just as it would have had it been committed in Texas. The instruments executed by Mauricio and Lucy Lewkowicz and made the basis of this action are void.

The judgment of the Court of Civil Appeals is reversed and this cause is remanded to the trial court for trial on the merits.