Joe Allen KIRK, Appellant,

v.

Sherry Stoner Hackler KIRK, Appellee.

No. 2–89–300–CV.

Court of Appeals of Texas,
Fort Worth.

March 6, 1991.
Rehearing Overruled April 9, 1991.

**930**

Hardy Burke, Denton, for appellant.

Holt & Phillips, P.C., and Ronnie Phillips, Denton, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Joe Allen Kirk appeals from the judgment of the trial court granting a divorce and dividing the property between him and Sherry Stoner Hackler Kirk, the appellee. In seven points of error, Joe Allen contends that the trial court erred by: (1) failing to make findings to support its conclusion that the division of the property was proper; (2) using an improper standard to divide the estate of the parties; (3) awarding an injunction against him as part of the final decree since there were no pleadings or evidence to support "the findings" and since he was not given notice and an opportunity to be heard in accordance with the constitutions of the United States and the State of Texas; (4) awarding judgment for attorney's fees against him and in favor of Sherry's attorney; (5) failing to make findings and conclusions to support the award of attorney's fees; and (6) entering findings of fact and conclusions of law when the judge making the findings was not the same judge that heard the evidence.

We affirm because we hold that: (1) the record does not reflect that Joe Allen presented a request for additional findings of fact and conclusions of law to the trial judge as was then required by Rule 298 of the Texas Rules of Civil Procedure; (2) the trial court used the appropriate standard in dividing the marital estate; (3) the trial court was merely temporarily extending a temporary injunction that had been entered into by agreement and not entering a permanent injunction; (4) the trial court was authorized by the pleadings to award Sherry's attorney a judgment for attorney's fees, and that award is supported by findings of fact and conclusions of law; and (5) Joe Allen waived any error caused by a judge who had not heard the evidence signing the findings of fact and conclusions of law.

■ Joe Allen contends in point of error number one that the trial court erred by failing to make findings to support its conclusion that the division of property was proper. The trial court found that the parties accumulated various items of community property during the course of their marriage, and that they incurred numerous community debts during the course of their marriage. The trial court further found that the division of property as contained in the divorce decree was fair, just, and equitable, and that the division and allocation of the debts as accomplished by the decree of divorce was fair, just, and equitable, with due regard to the rights of the parties.

Joe Allen complains of the trial court's failure to make findings as to the total amount or percentage of property awarded to each party and the factors supporting any disparity in the award between the parties. These were among thirty-seven additional findings requested by him. At the time in question, it was not sufficient to merely file a request for additional findings of fact and conclusions of law. *Mosolowski v. Mosolowski*, 562 S.W.2d 24, 25 (Tex. Civ.App.—Tyler 1978, no writ). The request had to be presented to the trial judge. *Id.* Because Joe Allen failed to perfect a bill of exception showing that the request for additional findings of fact and conclusions of law was actually presented to the trial court or called to its attention, there is nothing to show that he properly complied with Rule 298. *Id.* He therefore did not properly preserve this point for appellate review. *Id.*

The Supreme Court of Texas eliminated the time-honored requirement for presentment of the original request for findings of fact and conclusions of law to the trial judge in the case of *Cherne Industries, Inc. v. Juan Magallanes, Guardian Ad Litem*, 763 S.W.2d 768 (Tex.1989). One reason for the elimination of the necessity of presentment of the initial request to the trial judge was the fact that a second request was required before appellate com-

plaint could be made. *Id.* at 771; also *see* TEX.R.CIV.P. 297. Because of the short time frame given to the trial court to respond to requests for additional or amended findings under Rule 298 of the Texas Rules of Civil Procedure, and because there was no requirement for a second request of the court in the event the court failed to respond, we hold that prior to the amendment of Rule 298, effective September 1, 1990, there was still a necessity of showing presentment of a request for additional or amended findings of fact and conclusions of law to the trial court in order to preserve such an issue for appellate review. This case was tried and appealed prior to the September 1, 1990 effective date of the amendment of Rule 298. Accordingly, we overrule point of error number one.

■ Joe Allen urges in point of error number two that the trial court used an erroneous standard for dividing the property. The trial court found in its findings of fact and conclusions of law that "The division of the property as contained in the Decree of Divorce signed on September 14, 1989, is fair, just, and equitable" and that "The division and allocation of the debts of the parties as accomplished by the Decree of Divorce signed on the 14th day of September, 1989, were fair, just, and equitable with due regard to the rights of the parties." Joe Allen asserts that there is a difference between a division that is fair, just, and equitable, and a division that is "just and right, having due regard for the rights of each party ... of the marriage" as is required by section 3.63 of the Texas Family Code. We note that in the Final Decree of Divorce the trial court stated, "The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party." We do not find the court's conclusions of law to be inconsistent with that statement in the decree. Accordingly, we do not find that the trial court used an inappropriate standard in dividing the marital estate. We overrule point of error number two.

■ Allen contends in point of error number three that the trial court erred in awarding an injunction against him as a part of the Final Decree of Divorce because there were no pleadings or evidence to support the findings. He contends that there was no pleading for a permanent injunction and that there was not any evidence to show its necessity or that his wife had no adequate remedy at law. He also urges in point of error number four that the trial court erred in awarding an injunction against him as part of the final decree because he was not given notice and an opportunity to be heard in accordance with the constitutions of the United States and the State of Texas. We construe the injunctive language of the decree as being only a continuation of the temporary orders already in effect, with minor modifications, pending the division of property and payment of debts in accordance with the decree. Consequently, there is no merit to Joe Allen's contention that there was error because there was no pleading for a permanent injunction. Joe Allen provides us with no authority for his contention that such a continuation of the temporary orders pending the property division is a permanent injunction, nor for his contention that the trial court's action in doing so violated his right to notice under the constitutions of Texas or the United States. We note that the original entry of the injunction was by agreement and that it was to continue until the final decree or "until further order of this Court." We construe the order in the final decree continuing the injunction until the division of the assets to be a further order of the court. Because the injunction was first entered by agreement, we find no merit to Joe Allen's argument that there was no evidence to support the injunction. We overrule points of error numbers three and four.

Joe Allen asserts in points of error numbers five and six that the trial court erred in awarding attorney's fees in favor of Sherry's attorney and in failing to make findings and conclusions to support the award of attorney's fees.

■ As part of the property division, the trial court awarded Sherry $3,750 of her attorney's fees by giving her attorney, Cur-

tis Loveless, a judgment in that amount against Joe Allen. Otherwise, the parties were each to be responsible for his or her own attorney's fees. Joe Allen contends that there is no authority for the trial court to have awarded the attorney's fees by giving the attorney a judgment against him, as opposed to an award in favor of Sherry.

Sherry's pleadings requested attorney's fees for the services of Curtis Loveless and also requested general relief. The prayer for general relief alone would have been sufficient to authorize the award of attorney's fees directly to the attorney. *Morgan v. Morgan*, 657 S.W.2d 484, 491 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd); *Goldberg v. Goldberg*, 392 S.W.2d 168, 171 (Tex.Civ.App.—Fort Worth 1965, no writ).

Joe Allen also insists that the trial court erred by not making findings of fact and conclusions of law in support of the award of attorney's fees. In its findings of fact and conclusions of law the trial court found that the parties had accumulated various items of community property and numerous community debts during the course of the marriage. It found that the division of the property as contained in the divorce decree and the division and allocation of the debts of the parties as accomplished by the divorce decree was fair, just, and equitable. We hold that these findings and conclusions are sufficient to support the trial court's award of attorney's fees. We overrule points of error numbers five and six.

Joe Allen contends in point of error number seven that there was error because the trial judge who signed the findings of fact and conclusions of law was not the same judge who heard the evidence and signed the decree.

Retired District Judge W.C. Boyd, sitting by assignment, heard the testimony and signed the Final Decree of Divorce. The Findings of Fact and Conclusions of Law were signed by the Honorable David White, Judge of the 362nd District Court of Denton County. We hold that Joe Allen waived any complaint concerning Judge White's signing of the Findings of Fact and Conclusions of Law by making no objection in the court below. TEX.R.APP.P. 52(a). We overrule point of error number seven.

The judgment is affirmed.