NO. 07-02-0528-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 14, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


MARY BECKY GONZALEZ AND EUSEBIO RAMIREZ GONZALEZ



_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-517,360; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before JOHNSON, C.J., and CAMPBELL, J., and BOYD, S.J.

MEMORANDUM OPINION


 Eusebio Ramirez Gonzalez brings this appeal from a default decree of divorce
terminating his marriage to appellee Mary Becky Gonzalez and dividing the community
estate. He challenges the trial court's division of property and denial of his motion for new
trial. We affirm.

 The parties were formally married in 1996 and separated in March 2002. On March
27, 2002, appellee filed a petition for divorce alleging the marriage had become
insupportable. The petition was signed by an attorney from the Legal Aid Society of
Lubbock and was served on appellant April 4, 2002. Appellant was born in Mexico and
does not read English. He did not file an answer or appear at the temporary orders hearing
held in April 2002 or the final hearing held in September 2002. No reporter's record was
made of the final hearing. The trial court signed a final decree of divorce the day of the
hearing. 

 The community estate divided in the decree included the parties' homestead
occupying two adjacent lots in the City of Lubbock, seven vehicles, and other personal
property described only by category. The decree awarded appellant five vehicles, the
newest being a 1999 Ford Expedition, household and personal items in his possession and
funds and accounts subject to his sole control. It awarded appellee the homestead, two
vehicles, household and personal items in her possession and funds and accounts subject
to her sole control. The decree assigned to appellant debts of unspecified amounts owed
to Ford Motor Credit, an MBNA Charge Card, half of a medical debt incurred for appellee,
and all tax liability prior to the 2002 tax year. It assigned to appellee the remaining debt for
her medical care and all medical bills for Letticia Gutierrez. (1) It made no mention of any
debt on the real property but a proposed deed attached to the decree included a provision
that appellee would assume liability on "the note." 

 Acting through counsel appellant filed a motion for new trial. His amended motion
asserted he did not file an answer because he thought the parties had agreed on a property
settlement and he was operating under the "mistake of fact and law" that the final decree
would reflect the division of property agreed upon by the parties. He asserted he had a
meritorious defense "in that the community property was not divided equally." 

 The trial court orally denied the motion after a hearing at which both parties and one
of appellee's counsel testified. Appellant testified his failure to hire an attorney was based
on appellee's representation that he did not need an attorney and the court would divide
the real property in accordance with an agreement they had made whereby appellee would
receive the "front" house on the property and appellant would keep the "back" house in
which he had sometimes lived since their separation. Appellant recounted receiving a letter
from his wife's attorney concerning a court date. He did not retain the letter or recall the
exact date but said he went to the courthouse and asked for help in locating the courtroom. 
He testified he was told by an unidentified person at the courthouse that he did not need
to appear.

 Appellee denied that she tried to "trick" her husband. Her testimony was to the
effect she never advised appellant not to get his own attorney and had encouraged him
"numerous times" to seek legal assistance. She said he told her in response that he did
not want to spend any money. She denied ever having an agreement with her husband
on the property division. The attorney who represented appellee at the time of the
temporary orders hearing testified that appellant did not appear at the hearing but he called
her later that day and told her he was working and could not attend the hearing. 

 Appellant presents two issues for our review. The first challenges the division of
community property; the second asserts the trial court abused its discretion in denying his
motion for new trial. We address his second issue first.

 Appellant correctly recites the elements a defendant must establish to show
entitlement to a new trial after a no-answer default judgment. Those elements, set out in
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939), require the
movant to (1) show the failure to answer was not intentional or the result of conscious
indifference, but due to accident or mistake, (2) set up a meritorious defense and (3) file
the motion at a time "when the granting thereof will occasion no delay or otherwise work
an injury to the plaintiff." Id. at 126. 

 A motion for new trial is addressed to the trial court's discretion and its ruling will not
be disturbed on appeal in the absence of a showing of an abuse of discretion. Director,
State Employees Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994),
citing Cliff v. Huggins, 724 S.W.2d 778, 778-89 (Tex. 1987). However, a trial court abuses
its discretion by not granting a new trial when all three Craddock elements are met. Evans,
889 S.W.2d at 268, citing Bank One Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992).

 When conclusions of law are neither requested (2) nor filed, we must presume that the
trial court found all facts in favor of its order overruling the motion and are bound by such
findings if there is any evidence of probative force to support the judgment, Lewkowicz v.
El Paso Apparel Corp., 625 S.W.2d 301, 303 (Tex. 1981), and we must uphold the court's
denial of the motion under any legal theory that finds support in the evidence, Strackbein
v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).

 Appellant contends he established each of the Craddock elements. Appellee argues
he established none of them. We find the trial court's denial of the motion is supportable
on the theory appellant did not set up a meritorious defense. We do not reach the question
whether appellant established the first or third elements. (3) 

 A meritorious defense for Craddock purposes has been described as one that, if
proven, would cause a different result on retrial of the case. See Miller v. Miller, 903
S.W.2d 45, 48 (Tex.App.-Tyler 1995, no writ). To set up a meritorious defense, the movant
must allege facts that in law would constitute a defense, and must support the motion with
affidavits or other evidence proving prima facie that the movant has such a defense. See
Estate of Pollack v. McMurrey, 858 S.W.2d 388, 392 (Tex. 1993); Ivy v. Carrell, 407 S.W.2d
212, 214 (Tex. 1966). Appellant's brief argues he met the meritorious defense requirement
through his assertion the divorce decree wrongly divested him of a separate property
contribution claim against the community estate. He contends he repeatedly made the
assertion in his testimony and affidavit. The record does not support the argument. 

 As noted, appellant's amended motion for new trial asserted he had a meritorious
defense "in that the community property was not divided equally." His testimony and
argument at the hearing on the motion made the same complaint. Appellant neither alleged
to the trial court he held a claim based on his contribution of separate property to benefit
the community estate, nor presented any evidence that would support an assertion he held
such a claim. Appellee acknowledged at the hearing appellant had made improvements
to the residential property, but there is no suggestion in the record those improvements
involved a contribution of appellant's separate property. Appellant cites Talley v. Talley,
No. 05-02-0753-CV, 2002 WL 31647096 (Tex.App.-Dallas, Nov. 25, 2002 no pet.) (not
designated for publication), in which the court found a similar contention set up a
meritorious defense. In Talley, the movant wife testified she had a reimbursement claim,
and the record showed the divorce decree awarded to the husband "all of the parties' and
each party's community and/or separate property interest" in the residence. Id. at 12. The
divorce decree entered in this case contains no language suggesting the court awarded
either party's separate property to the other, and, as noted, appellant can point to no
testimony or other evidence by which he prima facie set up a separate property contribution
or reimbursement claim. The trial court did not abuse its discretion in denying the motion
for new trial. We overrule appellant's second issue.

 By appellant's first issue challenging the property division, he argues the division is
"unfair and inequitable" in violation of Section 7.001 of the Family Code (Vernon 1998). He
also argues the decree deprived him of property without due process of law. 

 Appellant's argument recognizes a trial court has wide discretion in making a just
and right division of community property and its discretion will not be disturbed on appeal
unless a clear abuse is shown. See Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985). 
An equal division of the community property is not required. Murff v. Murff, 615 S.W.2d
696, 698 (Tex. 1981). When reviewing the division of community property the ultimate or
controlling issue is whether the division was just and right. Hill v. Hill, 971 S.W.2d 153, 155
(Tex.App.-Amarillo 1998, no pet.).

 In order to overcome the presumption the trial court correctly exercised its discretion
in dividing community property, an appellant bears the burden to show from the evidence
in the record that the division was so disproportionate as to constitute an abuse of
discretion. Finch v. Finch, 825 S.W.2d 218, 221 (Tex.App.-Houston [1st Dist.] 1992, no
writ). 

 Although no reporter's record was made of the final hearing, the docket sheet
indicates appellee testified at the hearing. Reviewing such a record, an appellate court
generally must presume the evidence supported the trial court's findings. See Guthrie v.
Nat'l Homes Corp., 394 S.W.2d 494, 495 (Tex. 1965). (4) See also Mosolowski v.
Mosolowski, 562 S.W.2d 24 (Tex.Civ.App.-Tyler 1978, no writ) (in absence of statement
of facts, appellate court could not pass on question whether trial court abused its discretion
in property division). 

 Appellant, relying on the evidence heard at the hearing on his motion for new trial
and that contained in the affidavit attached to his motion, contends evidence showed 
"there was substantial positive equity in the house." Assuming, arguendo, that we are
permitted to consider for this purpose the evidence appellant presented in support of his
motion for new trial, we cannot agree that it demonstrates an abuse of discretion in the
division of property. No exhibits were admitted at the hearing and no witness testified to
the value of any of the community property. The evidence regarding equity in the
residence to which appellant refers consists of the following exchange during his counsel's
cross-examination of appellee at the hearing:

 Q: [Appellant] has done a lot of improvements to that house?

 A: Yes.


 You have built quite a bit of equity in that house, haven't you?



 Yes.



 It's worth more now than it was when you bought it, isn't that right?



 Yes, it is.



 Having no quantification of "quite a bit" of equity and having no evidence of the
values of other assets of the community estate, or the amounts of the debts assigned to
either party, we cannot agree the record before us demonstrates the property division was
disproportionate, much less that it constituted an abuse of the court's discretion. See
Deltuva v. Deltuva, 113 S.W.3d 882, 887 (Tex.App.-Dallas 2003, no pet) (op. on
rehearing) (absence of evidence on values precluded showing of unjust division). 

 Appellant also argues the divorce decree deprived him of property without due
process of law. However, the contention was not made to the trial court, either in
appellant's motion for new trial or at the hearing. It therefore has not been preserved for
appellate review. Tex. R. App. P. 33.1. See Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993); In re Vega, 10 S.W.3d 720, 722 (Tex.App.-Amarillo 1999, no pet.); Miller Paper Co.
v. Roberts Paper Co., 901 S.W.2d 593, 600 (Tex.App.-Amarillo 1995, no writ). We
overrule appellant's first issue and affirm the judgment of the trial court.

 

 James T. Campbell

 Justice



1. Letticia Gutierrez' relationship to the parties is not clear from this record.
2. The record reflects a request for findings of fact and conclusions of law but not a
notice of past due findings. See Tex. R. Civ. P. 297. See also Las Vegas Pecan & Cattle
Co., Inc. v. Zavala County, 682 S.W.2d 254, 255-56 (Tex. 1984).
3. See Tex. R. App. P. 47.1.
4. In re Marriage of Taylor, 992 S.W.2d 616, 620 (Tex.App.-Texarkana 1999, no pet.),
cited by appellant, is thus inapposite, because the court there had before it the reporter's
record of testimony concerning values of community assets.