NO. 07-02-0528-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 14, 2005

_____

IN THE MATTER OF THE MARRIAGE OF
MARY BECKY GONZALEZ AND EUSEBIO RAMIREZ GONZALEZ

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,360; HONORABLE DRUE FARMER, JUDGE

_____

Before JOHNSON, C.J., and CAMPBELL, J., and BOYD, S.J.

**MEMORANDUM OPINION**

Eusebio Ramirez Gonzalez brings this appeal from a default decree of divorce terminating his marriage to appellee Mary Becky Gonzalez and dividing the community estate. He challenges the trial court's division of property and denial of his motion for new trial. We affirm.

The parties were formally married in 1996 and separated in March 2002. On March 27, 2002, appellee filed a petition for divorce alleging the marriage had become insupportable. The petition was signed by an attorney from the Legal Aid Society of

Lubbock and was served on appellant April 4, 2002. Appellant was born in Mexico and does not read English. He did not file an answer or appear at the temporary orders hearing held in April 2002 or the final hearing held in September 2002. No reporter's record was made of the final hearing. The trial court signed a final decree of divorce the day of the hearing.

The community estate divided in the decree included the parties' homestead occupying two adjacent lots in the City of Lubbock, seven vehicles, and other personal property described only by category. The decree awarded appellant five vehicles, the newest being a 1999 Ford Expedition, household and personal items in his possession and funds and accounts subject to his sole control. It awarded appellee the homestead, two vehicles, household and personal items in her possession and funds and accounts subject to her sole control. The decree assigned to appellant debts of unspecified amounts owed to Ford Motor Credit, an MBNA Charge Card, half of a medical debt incurred for appellee, and all tax liability prior to the 2002 tax year. It assigned to appellee the remaining debt for her medical care and all medical bills for Letticia Gutierrez.[1] It made no mention of any debt on the real property but a proposed deed attached to the decree included a provision that appellee would assume liability on "the note."

Acting through counsel appellant filed a motion for new trial. His amended motion asserted he did not file an answer because he thought the parties had agreed on a property settlement and he was operating under the "mistake of fact and law" that the final decree

---

[1] Letticia Gutierrez' relationship to the parties is not clear from this record.

would reflect the division of property agreed upon by the parties. He asserted he had a meritorious defense "in that the community property was not divided equally."

The trial court orally denied the motion after a hearing at which both parties and one of appellee's counsel testified. Appellant testified his failure to hire an attorney was based on appellee's representation that he did not need an attorney and the court would divide the real property in accordance with an agreement they had made whereby appellee would receive the "front" house on the property and appellant would keep the "back" house in which he had sometimes lived since their separation. Appellant recounted receiving a letter from his wife's attorney concerning a court date. He did not retain the letter or recall the exact date but said he went to the courthouse and asked for help in locating the courtroom. He testified he was told by an unidentified person at the courthouse that he did not need to appear.

Appellee denied that she tried to "trick" her husband. Her testimony was to the effect she never advised appellant not to get his own attorney and had encouraged him "numerous times" to seek legal assistance. She said he told her in response that he did not want to spend any money. She denied ever having an agreement with her husband on the property division. The attorney who represented appellee at the time of the temporary orders hearing testified that appellant did not appear at the hearing but he called her later that day and told her he was working and could not attend the hearing.

Appellant presents two issues for our review. The first challenges the division of community property; the second asserts the trial court abused its discretion in denying his motion for new trial. We address his second issue first.

Appellant correctly recites the elements a defendant must establish to show entitlement to a new trial after a no-answer default judgment. Those elements, set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), require the movant to (1) show the failure to answer was not intentional or the result of conscious indifference, but due to accident or mistake, (2) set up a meritorious defense and (3) file the motion at a time "when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Id.* at 126.

A motion for new trial is addressed to the trial court's discretion and its ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994), citing *Cliff v. Huggins*, 724 S.W.2d 778, 778-89 (Tex. 1987). However, a trial court abuses its discretion by not granting a new trial when all three *Craddock* elements are met. *Evans*, 889 S.W.2d at 268, citing *Bank One Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992).

When conclusions of law are neither requested[2] nor filed, we must presume that the trial court found all facts in favor of its order overruling the motion and are bound by such findings if there is any evidence of probative force to support the judgment, *Lewkowicz v.*

_____

[2]The record reflects a request for findings of fact and conclusions of law but not a notice of past due findings. *See* Tex. R. Civ. P. 297. *See also Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 255-56 (Tex. 1984).

-4-

*El Paso Apparel Corp.*, 625 S.W.2d 301, 303 (Tex. 1981), and we must uphold the court's

denial of the motion under any legal theory that finds support in the evidence, *Strackbein*

*v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

Appellant contends he established each of the *Craddock* elements. Appellee argues

he established none of them. We find the trial court's denial of the motion is supportable

on the theory appellant did not set up a meritorious defense. We do not reach the question

whether appellant established the first or third elements.[3]

A meritorious defense for *Craddock* purposes has been described as one that, if

proven, would cause a different result on retrial of the case. *See Miller v. Miller*, 903

S.W.2d 45, 48 (Tex.App.–Tyler 1995, no writ). To set up a meritorious defense, the movant

must allege facts that in law would constitute a defense, and must support the motion with

affidavits or other evidence proving prima facie that the movant has such a defense. *See*

*Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993); *Ivy v. Carrell*, 407 S.W.2d

212, 214 (Tex. 1966). Appellant's brief argues he met the meritorious defense requirement

through his assertion the divorce decree wrongly divested him of a separate property

contribution claim against the community estate. He contends he repeatedly made the

assertion in his testimony and affidavit. The record does not support the argument.

As noted, appellant's amended motion for new trial asserted he had a meritorious

defense "in that the community property was not divided equally." His testimony and

argument at the hearing on the motion made the same complaint. Appellant neither alleged

---

[3]*See* Tex. R. App. P. 47.1.

to the trial court he held a claim based on his contribution of separate property to benefit the community estate, nor presented any evidence that would support an assertion he held such a claim. Appellee acknowledged at the hearing appellant had made improvements to the residential property, but there is no suggestion in the record those improvements involved a contribution of appellant's separate property. Appellant cites *Talley v. Talley*, No. 05-02-0753-CV, 2002 WL 31647096 (Tex.App.–Dallas, Nov. 25, 2002 no pet.) (not designated for publication), in which the court found a similar contention set up a meritorious defense. In *Talley*, the movant wife testified she had a reimbursement claim, and the record showed the divorce decree awarded to the husband "all of the parties' and each party's community and/or separate property interest" in the residence. *Id.* at 12. The divorce decree entered in this case contains no language suggesting the court awarded either party's separate property to the other, and, as noted, appellant can point to no testimony or other evidence by which he prima facie set up a separate property contribution or reimbursement claim. The trial court did not abuse its discretion in denying the motion for new trial. We overrule appellant's second issue.

By appellant's first issue challenging the property division, he argues the division is "unfair and inequitable" in violation of Section 7.001 of the Family Code (Vernon 1998). He also argues the decree deprived him of property without due process of law.

Appellant's argument recognizes a trial court has wide discretion in making a just and right division of community property and its discretion will not be disturbed on appeal unless a clear abuse is shown. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). An equal division of the community property is not required. *Murff v. Murff*, 615 S.W.2d

696, 698 (Tex. 1981). When reviewing the division of community property the ultimate or controlling issue is whether the division was just and right. *Hill v. Hill*, 971 S.W.2d 153, 155 (Tex.App.–Amarillo 1998, no pet.).

In order to overcome the presumption the trial court correctly exercised its discretion in dividing community property, an appellant bears the burden to show from the evidence in the record that the division was so disproportionate as to constitute an abuse of discretion. *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex.App.–Houston [1st Dist.] 1992, no writ).

Although no reporter's record was made of the final hearing, the docket sheet indicates appellee testified at the hearing. Reviewing such a record, an appellate court generally must presume the evidence supported the trial court's findings. *See Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965).[4] *See also Mosolowski v. Mosolowski*, 562 S.W.2d 24 (Tex.Civ.App.–Tyler 1978, no writ) (in absence of statement of facts, appellate court could not pass on question whether trial court abused its discretion in property division).

Appellant, relying on the evidence heard at the hearing on his motion for new trial and that contained in the affidavit attached to his motion, contends evidence showed "there was substantial positive equity in the house." Assuming, arguendo, that we are permitted to consider for this purpose the evidence appellant presented in support of his

---

[4]*In re Marriage of Taylor*, 992 S.W.2d 616, 620 (Tex.App.–Texarkana 1999, no pet.), cited by appellant, is thus inapposite, because the court there had before it the reporter's record of testimony concerning values of community assets.

motion for new trial, we cannot agree that it demonstrates an abuse of discretion in the division of property. No exhibits were admitted at the hearing and no witness testified to the value of any of the community property. The evidence regarding equity in the residence to which appellant refers consists of the following exchange during his counsel's cross-examination of appellee at the hearing:

> Q:  [Appellant] has done a lot of improvements to that house?
> A:  Yes.
> Q:  You have built quite a bit of equity in that house, haven't you?
> A:  Yes.
> Q:  It's worth more now than it was when you bought it, isn't that right?
> A:  Yes, it is.

Having no quantification of "quite a bit" of equity and having no evidence of the values of other assets of the community estate, or the amounts of the debts assigned to either party, we cannot agree the record before us demonstrates the property division was disproportionate, much less that it constituted an abuse of the court's discretion. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex.App.–Dallas 2003, no pet) (op. on rehearing) (absence of evidence on values precluded showing of unjust division).

Appellant also argues the divorce decree deprived him of property without due process of law. However, the contention was not made to the trial court, either in appellant's motion for new trial or at the hearing. It therefore has not been preserved for appellate review. Tex. R. App. P. 33.1. *See Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex. 1993); *In re Vega*, 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.); *Miller Paper Co.*

*v. Roberts Paper Co.*, 901 S.W.2d 593, 600 (Tex.App.–Amarillo 1995, no writ). We overrule appellant's first issue and affirm the judgment of the trial court.


James T. Campbell
Justice